UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUAN BARRAGAN GONZALEZ,

*Petitioner*,

v. Case No. 3:26-cv-2818-JEP-PDB

IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

*Respondents*.
__________________________________/

# ORDER

Petitioner, a citizen of Mexico who was paroled into the United States in August 2018, is currently detained by the United States Immigration and Customs Enforcement.[1] (Doc. 1 at 3–4; Doc. 5 at 2; Doc. 5-1 at 5). Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to release him. (Doc. 1 at 10). He argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 9).

---

[1] While Petitioner alleges that he was paroled into the United States on August 27, 2018, (Doc. 1 at 4), the Federal Respondents assert that he was granted parole on August 26, 2018, (Doc. 5 at 2), based on the I-94 Arrival/Departure Record instructions they attach to the response, (Doc. 5-1 at 10). However, the Notice to Appear that is also attached to the response reflects that Petitioner "applied for admission into the United States" on August 24, 2018 (Doc. 5-1 at 5). Ultimately, these discrepancies do not affect the Court's ruling.

This Court has addressed claims and arguments similar to those raised in this case and has concluded it is bound by the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026).[2] *See, e.g.*, *Sanchez v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-2242-JEP-SJH, 2026 WL 2794856 (M.D. Fla. Sept. 17, 2026); *Rahmani v. Warden, Baker Cnty. Facility*, No. 3:26-CV-1685-JEP-LLL, 2026 WL 2162799 (M.D. Fla. July 28, 2026); *Martinez-Gil v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-1642-JEP-SJH, 2026 WL 2130714 (M.D. Fla. July 24, 2026); *Padilla v. Mullin*, No. 3:26-CV-1572-JEP-MCR, 2026 WL 2103604 (M.D. Fla. July 22, 2026). For the same reasons expressed in this Court's prior cases, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory detention without an individualized bond hearing violates the INA.[3] Within **seven days** of this Order, Respondents shall either

---

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[3] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining

afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[4] or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's motion to dismiss (Doc. 6) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on November 1, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[4] Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

c:
Counsel of Record